UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BILLY G ASEMANI,<br><br>Petitioner,<br><br>v.<br><br>THE ISLAMIC REPUBLIC OF IRAN INTERESTS SECTION OF IRAN,<br><br>Respondent. | CASE NO. 3:21-MC-7-DRL-MGG |

### REPORT AND RECOMMENDATION

On June 24, 2021, Billy G. Asemani filed his "Motion to Reopen" in this miscellaneous case. [DE 8]. An Article III district judge was assigned to this matter on January 31, 2022, and he referred Mr. Asemani's motion to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b), and N.D. Ind. L.R. 72-1(c). [DE 11]. For the reasons stated below, the undersigned recommends that Mr. Asemani's "Motion to Reopen" [DE 8] be **DENIED.**

**I.    Relevant Background**

On February 17, 2021, Mr. Asemani filed his "Pro Se Petition to Register a State-Court Judgment, and Memorandum of Law in Support Thereof." Mr. Asemani explained that on July 22, 2016, he obtained a $4 million judgment against the Islamic Republic of Iran ("Iran") in a Maryland state court.[1] Mr. Asemani filed his petition to register this judgment in the Northern District of Indiana pursuant to the procedure

---

[1] Mr. Asemani's petition indicates that he renewed this judgment on January 27, 2020. [DE 1-1].

delineated in 28 U.S.C. § 1963, as interpreted by *GE Betz, Inc. v. Zee Company, Inc.*, 718 F.3d 615 (7th Cir. 2013). Specifically, Mr. Asemani contended that his registration petition is justified based on the *GE Betz* court's discussion stating that § 1963 does not bar the registration or enforcement of state court judgments in federal court. *Id.* at 625.

Mr. Asemani's petition was opened as a miscellaneous case and assigned to the undersigned magistrate judge. On March 18, 2021, the undersigned issued an order on Mr. Asemani's petition, stating that while 28 U.S.C. § 1963 does not bar registration of state court judgments in federal court, such proceedings must still meet all other requirements for federal jurisdiction as stated in *GE Betz*. [DE 4 at 1-2]. However, Mr. Asemani did not present any information to show that his petition met the requirements of federal jurisdiction. Accordingly, the undersigned found that Mr. Asemani's petition presented jurisdictional issues beyond the scope of authority for United States magistrate judges. Therefore, the undersigned terminated the instant miscellaneous case and directed the Clerk to assign a civil cause number to Mr. Asemani's petition so that jurisdictional requirements could be considered by an Article III District Judge. [DE 4].

Mr. Asemani's petition was then reopened as a civil action under *Asemani v. Islamic Republic of Iran*, cause number 3:21-cv-194-DRL-MGG, and on March 24, 2021, the Court ordered Mr. Asemani to pay an additional $350 to meet the filing fee required for civil actions or to seek leave to proceed *in forma pauperis* by submitting a copy of his inmate trust fund ledger for the prior six months. [*See* DE 5 in *Asemani v. Islamic Republic of Iran*, 3:21-cv-194-DRL-MGG]. However, Mr. Asemani responded with his motion

titled "Pro Se Petitioner's Substantive Response to the Court's 3/24/21 Order and, Motion for Leave to Amend the Original Petition Under 28 U.S.C. § 1963" (the "Substantive Response"). In his Substantive Response, Mr. Asemani states that he is not filing a lawsuit and that his petition does not "envoke[] [sic] any other lawsuit-triggering statutes, for which the full-blown $402.00 filing fee is required." [DE 9 in *Asemani v. Islamic Republic of Iran*, 3:21-cv-194-DRL-MGG]. Accordingly, Mr. Asemani requested that the instant miscellaneous case be reopened so that he can amend his petition to show jurisdiction. The Court construed Mr. Asemani's Substantive Response as a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) and closed his civil action. [DE 10].

After his civil action was dismissed, Mr. Asemani filed the instant "Motion to Reopen Case," requesting that the court take judicial notice of the Substantive Response he filed in 3:21-cv-194-DRL-MGG and that he be given an opportunity to amend his petition in the instant miscellaneous case to meet requirements for federal jurisdiction. [DE 8].

**II.    Discussion**

A litigant may use two methods to enforce a judgment in a district other than the district that rendered the judgment. *See U.S. v. Febre*, No. 91-2716, 1992 WL 288321, at *1-2 (7th Cir. Oct. 15, 1992). A judgment holder may file a separate action on the judgment in another district, essentially seeking a "judgment on a judgment." *Id.* A judgment holder may also use the registration procedure delineated in 28 U.S.C. § 1963, which provides that:

> [a] judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district . . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner. . . . The procedure prescribed under this section is in addition to other procedures provided by law for the enforcement of judgments.

Section 1963 was enacted so that judgment creditors and debtors would "be spared the additional cost and harassment of further litigation which would otherwise be required by way of an action on the judgment in a district other than that where the judgment was originally obtained." *Goldman v. Gagnard*, 757 F.3d 575, 589 (7th Cir. 2014) (quoting *Juneau v. Couvillion*, 148 F.R.D. 558, 559 (W.D. La. 1993)). Accordingly, a judgment creditor may register a judgment under 28 U.S.C. § 1963 so that the judgment may be enforced in a district other than the one that entered the final judgment. *See Goldman*, 757 F.3d at 580–81; *see also Symons Int'l Grp., Inc. v. Cont'l Cas. Co.*, 306 F.R.D. 612, 620 (S.D. Ind. 2014) ("[T]he usual procedure is for the judgment creditor to register a judgment in a separate federal district pursuant to Section 1963, then to seek a writ of execution in that district." (internal citation omitted)). After a judgment is registered in another district, the judgment creditor may pursue remedies available under the registered district's state law to satisfy the judgment. *See* Fed. R. Civ. P 69.

Federal courts have split on whether § 1963 prohibits the registration of a state-court judgment in a federal district court, with most courts holding that § 1963 applies only to the registration of federal-court judgments in other federal courts. *Woo v. Spackman*, 988 F.3d 47, 50 (1st Cir. 2021); *see also Cabellero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273-74 (10th Cir. 2019). The Seventh Circuit,

4

however, has found that § 1963 does not prohibit the removal of state-court judgment enforcement proceedings to federal court if the proceeding otherwise meets requirements for federal jurisdiction. *GE Betz*, 718 F.3d at 725.

### A.   Mr. Asemani's Petition Under 28 U.S.C. § 1963

Mr. Asemani has filed registration petitions akin to the instant miscellaneous case in at least three other districts.[2] Mr. Asemani contends that his instant petition is justified based on the interpretation of § 1963 in *GE Betz*. Indeed, the court in *GE Betz*, which addressed a North Carolina state-court judgment that was registered in an Illinois state court and subsequently removed to the United States District Court for the Northern District of Illinois, found that § 1963 does not bar the registration and enforcement of state-court judgments in federal courts. *See* 718 F.3d at 625. However, the court in *GE Betz* further found that such a proceeding must still meet the requirements for federal jurisdiction. Specifically, the court in *GE Betz* found that state-court judgment enforcement proceedings must "still meet the other requirements for federal jurisdiction, including the amount in controversy and the diversity requirements under 28 U.S.C. §§ 1332 and 1441(b) as well as the independent proceeding requirement under 28 U.S.C. § 1441(a)." *Id.* All the requirements for removal jurisdiction discussed by the court in *GE Betz* are inapplicable to Mr. Asemani's instant registration petition.

First, 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts . . . have original jurisdiction, may be removed by the

---

[2] *See Asemani v. Islamic Republic of Iran*, No. 4:20-mc-2-SEB-DML (S.D. Ind. Nov. 12, 2021); *Asemani v. Islamic Republic of Iran*, No. 2:21-mc-2004-CSB-EIL (C. D. Ill. Mar. 31, 2021); *Asemani v. Islamic Republic of Iran*, No. 1:19-mc-10587-DCN (D. Idaho Sept. 3, 2020).

5

defendant . . . to the district . . . for the district and division embracing the place where such action is pending." Accordingly, § 1441(a) allows for "removal only of independent suits but not ancillary or supplementary proceedings." *GE Betz*, 718 F.3d at 622-23 (internal citations and quotation marks omitted). Courts have found that "where the supplemental proceeding is not merely a mode of execution or relief, but where it, in fact, involves an independent controversy with some new and different party, it may be removed into the federal court." *Id.* at 623 (citing to *Travelers Property Cas. v. Good*, 689 F.3d 714, 724 (7th Cir. 2012) (internal citation and quotation marks omitted)). Although the court in *GE Betz* found that the proceeding before the court did meet the independent proceeding requirement, the court observed that this requirement would "particularly limit[]" which state-court judgments may be enforced by a federal court, stating that "most state-court judgment enforcement proceedings are more properly characterized as ancillary or supplementary suits." *Id.*

Mr. Asemani's instant petition fails to meet the independent proceeding requirement required for removal of civil actions under 28 U.S.C. § 1441(a). Mr. Asemani provides no information showing that his instant petition involves an independent controversy with a new and different party that would allow the Court to have jurisdiction under 28 U.S.C. § 1441(a). On the contrary, after the court opened his petition as a civil action so that the jurisdictional issues of his petition could be considered, Mr. Asemani filed his Substantive Response stating he is not attempting to file a civil action and that he does not believe that his petition "envoke[s] [sic] any other lawsuit-triggering statutes, for which the full-blown $402.00 filing fee is required." [DE

6

9 in *Asemani v. Islamic Republic of Iran*, 3:21-cv-194-DRL-MGG]. Accordingly, the Court can only assume that Mr. Asemani does not seek to characterize his petition as an "independent and removable action" under § 1441(a). *Travelers*, 689 F.3d at 725. Therefore, Mr. Asemani's instant petition fails to meet the independent proceeding that would allow for removal as discussed by *GE Betz*.

Moreover, Mr. Asemani's petition does not fall under any other jurisdictional statutes for removal as discussed in *GE Betz*. In *GE Betz*, the court considered removal based on diversity jurisdiction under § 1332, as the parties were citizens of different states and the amount in controversy was at least $75,000. 718 F.3d at 620. Here, however, Mr. Asemani's instant petition seeks to register a judgment against Iran, which is a "foreign state." *See* 28 U.S.C. § 1603. While the statutes relating to diversity jurisdiction and removal of state court actions under 28 U.S.C. §§ 1332(a)(4) and 1441(b) contemplate civil actions with a foreign state as plaintiff, these statutes do not contemplate actions that are brought against a foreign state. Actions against a foreign state are instead governed by 28 U.S.C. § 1330, and a state court action brought against a foreign state may only be removed to a federal district court by the foreign state. *See* 28 U.SC. § 1441(d).

Finally, even if Mr. Asemani's petition met the jurisdictional requirements to allow him to remove his state court judgment to federal court, this court would not be the proper venue for removal. Sections 1441(a) and (d) both provide that an action may be removed "to the district and division embracing the place where such action is pending." As Mr. Asemani's judgment was entered in a Maryland state court, this court

7

is not the district and division "embracing the place where such action is pending."

Therefore, although § 1963 does not bar the registration and enforcement of state-court judgments in federal court, Mr. Asemani's petition does not meet the requirements for removal jurisdiction as specifically delineated by the court in *GE Betz*.

### B. Civil Action to Enforce his Judgement under the FSIA

Although the Court can only assume Mr. Asemani does not intend for his petition to be characterized as an independent civil action, even if Mr. Asemani elected to file an independent civil enforcement action –seeking a "judgment on a judgment"— this Court cannot be the proper venue for such an action. *Febre*, 1992 WL 288321, at *1-2. An action against a foreign state is contemplated by 28 U.S.C. § 1330(a), which provides that "[t]he district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state . . . as to any claim for relief . . . with respect to which the foreign state is not entitled to immunity under [the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. §§ 1605-1607]."

Accordingly, the FSIA provides the "sole basis for obtaining jurisdiction over a foreign state in federal court." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 439 (1989). The FSIA is also the sole basis for obtaining jurisdiction in cases brought to enforce a state court judgment against a foreign state. *See Mobil Cerro Negro Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 116 (2d Cir. 2017); *Jerez v. Republic of Cuba*, 775 F.3d 419, 423-25 (D.C. Cir. 2014). Under the FSIA, a foreign state is immune from the jurisdiction of U.S. courts unless the action falls under a statutorily defined exception to immunity. *See* 28 U.S.C. § 1604. Exceptions to immunity under the FSIA include actions

8

where a foreign state has waived its immunity; actions that are based on a commercial activity carried on in the United Stated by the foreign state; and actions against a foreign state for injury or death caused by torture, extrajudicial killing, aircraft sabotage, and hostage taking. *See* 28 U.S.C. §§ 1605 – 1605A. If the action does not fall under one of the FSIA's enumerated exceptions to immunity, the Court lacks jurisdiction. *See Jerez*, 775 F.3d at 423-24.

The FSIA also has specific venue provisions found in 28 U.S.C. § 1391(f):

A civil action against a foreign state as defined in section 1603(a) of this title may be brought-

(1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;
(2) in any judicial district in which the vessel or cargo of a foreign state is situated . . . ;
(3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state . . .; or
(4) in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

An action to enforce a state court judgment against a foreign state must comply with these venue provisions. *See Asemani v. Islamic Republic of Iran*, No. 3:18-cv-368-CRB, 2018 WL 3036654 (N.D. Cal. June 18, 2018) (citing to *Mobil Cerro Negro*, 863 F.3d at 118).

Mr. Asemani has filed civil actions in numerous federal district courts seeking entry of a final judgment on his Maryland state court judgment under 28 U.S.C. § 1330 and the FSIA.[3] Many of his enforcement proceedings have been dismissed without

---

[3] *See, e.g., Asemani v. Islamic Republic of Iran*, 2:18-cv-463-KM-CLW (D.N.J. June 19, 2020); *Asemani v. Islamic Republic of Iran*, No. 3:19-cv-1725-BAS-LL (S.D. Cal. Dec. 2, 2019); *Asemani v. Islamic Republic of Iran*, No. 1:19-cv-477-JAO-RT (D. Hawaii Oct. 7, 2019); *Asemani v. Islamic Republic of Iran*, No. 2:18-cv-2413-KJN-PS (E.D. Cal. Sept. 26, 2018); *Asemani v. Islamic Republic of Iran*, No. 1:18-cv-1459-UNA (D.D.C. July 10, 2018); *Asemani v. Islamic Republic of Iran*, No. 3:18-cv-368-CRB, 2018 WL 3036654 (N.D. Cal. June 18, 2018); *Asemani v. Islamic Republic of Iran*, No. 0:18-cv-108-PJS-HB (D. Minn. April 24, 2018); and *Asemani v. Islamic Republic of Iran*, No. 1:17-cv-9562-CM (S.D.N.Y Dec. 7, 2017).

prejudice due to his failure to pay the filing fee or to submit documentation to proceed *in forma pauperis*. However, at least two district courts have reviewed an action filed by Mr. Asemani to enforce his Maryland state court judgment in federal court and have determined that the sole proper venue for his complaint is the United States District Court for the District of Columbia.

First, in Mr. Asemani's complaint filed in the Northern District of California, he requested entry of a final judgment on his Maryland state court judgment against Iran so that he could pursue assets Iran may have that district. *Id.* at *1. The court, however, determined that it was not the proper venue under § 1391(f). The court noted that subsections (2) and (3) of § 1391(f) were inapplicable to Mr. Asemani's petition, as Iran did not have a vessel or cargo situated in the Northern District of California and Mr. Asemani is not seeking to enforce a judgment against an agency or instrumentality of Iran. *Id.*

The court further found that it could not be the proper venue under subsection (1) of § 1391(f), which provides that an action against a foreign state may be brought in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or in which a substantial part of the property that is the subject of the action is situated. The court first noted that none of the events "giving rise" to Mr. Asemani's 2016 Maryland state court judgment occurred in the Northern District of California or even in the United States. *Id. at* *2. Moreover, the court found that, although Mr. Asemani sought to satisfy his state-court judgment by pursuing Iranian assets located in the Northern District of California, that was insufficient to establish

venue under § 1391(f), as those assets must be "a substantial part of the property that is the subject of the action." *Id.* Accordingly, the court found that, under § 1391(f)(4), the District Court for the District of Columbia was the sole proper venue for Mr. Asemani's complaint seeking to enforce his Maryland state court judgement in federal court. *Id.* at *2. Moreover, in Mr. Asemani's complaint filed in the Eastern District of California, the court found that the United States District Court for the District of Columbia was the proper venue under 28 U.S.C. § 1391(b)(1), as that is where Iran's foreign representatives are located. *See Asemani v. Islamic Republic of Iran*, No. 2:18-cv-2413-KJN-PS (E.D. Cal. Sept. 26, 2018).[4]

28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Mr. Asemani's actions filed in the Northern District of California and the Eastern District of California have already been transferred to the United States District Court for the District of Columbia. *See Asemani v. Islamic Republic of Iran*, No. 1:18-cv-1459-UNA (D.D.C. July 10, 2018) (transferred from the Northern District of California, No. 3:18-cv-368-CRB, subsequently denying Mr. Asemani's motion to proceed *in forma pauperis* and dismissing his complaint without prejudice); *Asemani v.*

---

[4] The additional information provided by Mr. Asemani in his Substantive Response further supports that this Court is not the appropriate venue for Mr. Asemani to register or enforce his judgment. Through his substantive response, Mr. Asemani indicates that he is not seeking to register his judgment so that he can enforce it against Iran in this district; rather, he states that he is seeking to register his judgment so he can enforce it through the procedures provided for under the USVSSTA.

11

*Islamic Republic of Iran*, No. 1:18-cv-2344-UNA (D.D.C. May 17, 2019) (transferred from the Eastern District of California, subsequently denying Mr. Asemani's motion to proceed *in forma pauperis* without prejudice for failure to submit requested financial information). As such, even if Mr. Asemani sought to file an independent civil action here, that process would be futile because this court does not have jurisdiction to hear his claim under the FSIA.

### III.   Conclusion

Mr. Asemani has two methods to enforce a judgment in a district other than the one that rendered the judgment: filing an independent civil action seeking a "judgment on a judgment," or registering a judgment under § 1963. Mr. Asemani has attempted both methods in numerous districts across the country.

Regarding Mr. Asemani's instant petition seeking to register his judgment pursuant to the procedure under § 1963, his petition does not meet the requirements for removal jurisdiction as discussed in *GE Betz*. On the other hand, if Mr. Asemani were to amend his petition so that it is an independent civil action seeking entry of a final judgment on his Maryland state-court judgment, this Court is not the proper venue to consider such an enforcement action. This determination is consistent with two other federal courts that have considered Mr. Asemani's complaint to enforce his Maryland state-court judgment against Iran.

Therefore, the undersigned **RECOMMENDS** that Mr. Asemani's Motion to Reopen [DE 8] be **DENIED** and his petition **DISMISSED.**

> **NOTICE IS HEREBY GIVEN that within fourteen (14) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations.** Fed. R. Civ. P. 72(b)**. FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED** this 22nd day of February 2022.

        s/Michael G. Gotsch, Sr.
        Michael G. Gotsch, Sr.
        United States Magistrate Judge